UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

ABDULASIT ARAC,                                                      :
                                                                     :
                          Plaintiff,                                 :        **COMPLAINT**
                                                                     :
              -against-                                              :
                                                                     :
4 NY INC. d/b/a ROCCA CAFE & LOUNGE,                                 :
MUSTAFA ALKAN, MEMET ARSLAN, and                                     :
HUSEYIN LAYMAK,                                                      :        **JURY TRIAL DEMANDED**
                                                                     :
                          Defendants.                                :
------------------------------------------------------------------------ X

Plaintiff Abdulasit Arac ("Plaintiff" or "Arac"), by his attorneys Pechman Law Group PLLC, complaining of Defendants 4 NY Inc. d/b/a Rocca Café and Lounge, Mustafa Alkan, Memet Arslan, and Huseyin Laymak (collectively, "Defendants"), alleges:

### NATURE OF THE COMPLAINT

1.      Throughout Arac's employment as a cook at Rocca Café and Lounge, Defendants failed to compensate Arac for overtime hours worked at a rate of at least one and one-half (1 ½) times his regular hourly wage rate by: (1) paying Arac the same regular hourly wage rate for hours worked up to sixty per workweek; and (2) paying Arac for some, but not all, hours worked in excess of sixty per workweek at the same regular hourly wage rate.  Defendants further failed to provide Arac with: (i) spread-of-hours pay when he worked shifts spanning over ten hours per day; (ii) a wage notice at his time of hiring and when his rate of pay changed; and (iii) accurate wage statements with each payment of wages.

2.      Arac brings this action to recover unpaid overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act ("WTPA").

### JURISDICTION

3.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

### VENUE

4.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Rocca is located and operated by Defendants in the Eastern District of New York and the events giving rise Arac's claims occurred in the Eastern District of New York.

### THE PARTIES

**Plaintiff Abdulasit Arac**

5.      Arac resides in Kings County, New York.

6.      Defendants employed Arac as a cook from approximately Fall 2014 until August 25, 2021.

**Defendant 4 NY Inc. d/b/a Rocca Café and Lounge**

7.      Defendant 4 NY Inc. is a New York corporation that owns, operates, and does business as Rocca Café and Lounge, located at 2712 Emmons Avenue, Brooklyn, New York 11235 ("Rocca").

8.      Rocca is a restaurant offering Mediterranean cuisine that advertises itself as a "waterfront destination with modern décor & outdoor seating." *See* https://roccacafe.com/ (last accessed June 28, 2022).

9.      At all relevant times, Rocca has had employees, including Arac, engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person.

10.     In the three years preceding the filing of this Complaint, Rocca has had an annual gross volume of sales in excess of $500,000.

11.     Rocca is an enterprise engaged in commerce within the meaning of the FLSA.

**The Individual Defendants**

12.     Defendants Mustafa Alkan, Memet Arslan, and Huseyin Laymak (collectively, the "Individual Defendants") are owners and principals of Rocca.

13.     Mustafa Alkan is listed as a principal of Rocca on New York State Liquor Authority Division of Alcoholic Beverage Control filings.

14.     At all relevant times, each of the Individual Defendants held and exercised authority over personnel decisions at Rocca, including the authority to hire and fire employees, set employee wage rates, and maintain employee pay records.

15.     For example, Mustafa Alkan hired and fired employees, approved and denied changes in employee wage rates, and directed employee duties at Rocca.

16.     For example, Memet Arslan hired and fired employees, approved and denied changes in employee wage rates, including Arac's wage rates, and directed employee duties at Rocca.

17.     Memet Arslan fired Arac.

18.     For example, Huseyin Laymak hired and fired employees, approved and denied changes in employee wage rates, including Arac's wage rates, and directed the duties of kitchen employees at Rocca.

19.     The Individual Defendants exercised sufficient control over Rocca's operations and Arac's employment to be considered Arac's employer under the FLSA and the NYLL.

20.     Defendants Mustafa Alkan's and Memet Arslan's unlawful wage payment practices—specifically, their failure to pay overtime wages as required by the FLSA and NYLL—were the subject of a prior lawsuit captioned *Santamaria v. Westbury LLC et al.*, No. 2:18 Civ. 7047 (DLI) (E.D.N.Y.)

## FACT ALLEGATIONS

21.     Throughout his employment at Rocca, Arac regularly worked fifteen- or sixteen-hour shifts, from 9:00 a.m. until close (between 12:00 a.m. and 1:00 a.m.), six days per week, with Tuesdays off, totaling between ninety and ninety-six hours per work week.

22.     Defendants maintained weekly schedules purporting to demonstrate that Arac regularly worked sixty hours per workweek.  However, these schedules did not accurately reflect Arac's total weekly hours worked at Rocca.

23.     Throughout his employment, Defendants paid Arac for sixty hours of work per workweek at a "straight-time" rate, meaning the same regular rate for the sixty hours worked, including hours over forty per workweek.

24.     From approximately 2015 through 2016, Defendants paid Arac $25.00 per hour for hours worked up to sixty per workweek.

25.     From approximately 2017 through 2020, Defendants paid Arac $27.50 per hour for hours worked up to sixty per workweek.

26.     From approximately January 2021 through the end of his employment, Defendants paid Arac $30.00 per hour for hours worked up to sixty per workweek.

27.     Throughout his employment, Defendants paid Arac for some, but not all, of the hours he worked in excess of sixty per workweek at the same regular rates listed above in paragraphs twenty-three through twenty-five.

28.     Defendants did not provide Arac with spread-of-hours pay on days when he worked shifts spanning over ten hours.

29.     Defendants did not provide Arac with a wage notice at his time of hire or when his wage rate changed.

30.     Throughout his employment within the statute of limitations period, Defendants paid Arac's wages partially by check and partially in cash.

31.     Although Arac punched in an out of work at Rocca, Defendants did not provide him with accurate accompanying wage statements with each payment of wages reflecting, *inter alia*, his hours worked and hourly rate paid.

32.     On May 25, 2022, Arac and Defendants, by their respective counsel, entered into a tolling agreement, tolling the statute of limitations on Arac's FLSA and NYLL claims effective November 12, 2021.  *See* Ex. A

### FIRST CLAIM
### FLSA – Unpaid Overtime Wages

33.     Arac repeats and incorporates all foregoing paragraphs by reference.

34.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Arac.

35.     Defendants were required to pay Arac overtime wages at a rate of one and one-half (1½) times his regular rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

36.     As a result of Defendants' practice of paying Arac on a straight-time basis for some but not all overtime hours he worked per workweek, Defendants failed to pay Arac the overtime wages to which he was entitled under the FLSA.

37.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Arac overtime wages.

38.     As a result of Defendants' willful violations of the FLSA, Arac is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**SECOND CLAIM**
**NYLL – Unpaid Overtime Wages**

39.     Arac repeats and incorporates all foregoing paragraphs by reference.

40.     Defendants are employers within the meaning of NYLL §§ 190(3), 651(6), and supporting New York State Department of Labor ("NYDOL") regulations and employed Arac.

41.     Under the NYLL and supporting NYDOL regulations, including 12 NYCRR § 146-1.4, Defendants were required to pay Arac one and one-half (1 ½) times his regular rate of pay for all hours worked in excess of forty per workweek.

42.     As a result of Defendants' practice of paying Arac on a straight-time basis for some but not all overtime hours he worked per workweek, Defendants failed to pay Arac the overtime wages to which he was entitled under the NYLL and its supporting regulations.

43.     Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Arac overtime wages.

44.     As a result of Defendants' willful violations of the NYLL, Arac is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### THIRD CLAIM
### NYLL – Unpaid Spread-of-Hours Pay

45.     Arac repeats and incorporates all foregoing paragraphs by reference.

46.     Defendants willfully failed to pay Arac additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which his shift spanned over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 146-1.6.

47.     As a result of Defendants' willful violations of the NYLL, Arac is entitled to recover unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

### FOURTH CLAIM
### NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices

48.     Arac repeats and incorporates all foregoing paragraphs by reference.

49.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

50.     Defendants failed to furnish Arac at the time of his hiring and when his wage rate changed with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of NYLL § 195(1).

51.     As a result of Defendants' violation of NYLL § 195(1), Arac is entitled to recover statutory damages, and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1-b).

## FIFTH CLAIM
### NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements

52.     Arac repeats and incorporates all foregoing paragraphs as if fully set forth herein.

53.     The NYLL and the WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

54.     Throughout Arac's employment with Defendants, Defendants paid Arac without providing him with a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

55.     As a result of Defendants' violation of NYLL § 195(3), Arac is entitled to recover statutory damages, and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.     declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

b. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

c. declaring that Defendants violated the wage notice and wage statement provisions of the NYLL and WTPA;

d. declaring that Defendants' violations of the FLSA and the NYLL were willful;

e. enjoining and permanently restraining Defendants from further violations of the FLSA and NYLL;

f. awarding Arac damages for unpaid overtime wages and unpaid spread-of-hours pay;

g. awarding Arac liquidated damages in an amount equal to his unpaid wages;

h. awarding Arac statutory damages as a result of Defendants' failure to furnish him with a wage notice and accurate wage statements as required by the NYLL and WTPA;

i. awarding Arac reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL;

j. awarding Arac pre- and post-judgment interest under the NYLL and

k. awarding Arac other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury in this action.

Dated:  New York, New York
          June 30, 2022

PECHMAN LAW GROUP PLLC

By:  /s/ Louis Pechman
     Louis Pechman
     Galen C. Baynes
     Pechman Law Group PLLC
     488 Madison Avenue - 17th Floor
     New York, New York 10022
     (212) 583-9500
     pechman@pechmanlaw.com
     baynes@pechmanlaw.com
     *Attorneys for Plaintiff*

# EXHIBIT A

# TOLLING AGREEMENT

This Agreement is made by and between 4 NY Inc. d/b/a Rocca Café and Lounge, Mustafa Alkan, Memet Arslan, and Huseyin Kaymak (collectively, "Rocca") and Abdulasit Arac ("Plaintiff," and together with Rocca, the "Parties").

WHEREAS Plaintiff alleges that he was an employee of Rocca and has indicated their intent to file an action (the "Action") bringing claims against Rocca under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL");

WHEREAS counsel for the Parties agree that it is in their clients' mutual interest to explore the possibility of settlement discussions and resolution in settlement outside of litigation, without commencement of litigation of the proposed Action;

NOW THEREFORE, for good and sufficient consideration which is set forth herein, the receipt of which is acknowledged, the Parties agree as follows:

1.      Tolling Provision.  No statute of limitations on any claim under the FLSA or NYLL shall run against Plaintiff and the same shall be tolled during the period of time while this Agreement is in effect, and neither of the Parties shall put forward or rely upon the period of time while this Agreement is in effect as a bar or laches or for any other purpose to defeat the claims made or to be made in the Action under the FLSA or NYLL.  Nothing contained in this Agreement shall be deemed as an admission by the Parties with respect to any allegations or claims.

2.      Duration.  This Agreement is effective as of November 12, 2021 and shall terminate July 1, 2022.

3.      Use of Agreement.  During the term of this Agreement, Plaintiffs shall refrain and forebear from commencing, instituting, or prosecuting any lawsuit, arbitration, or other proceeding against Rocca raising FLSA or NYLL claims.

4.      Modification.  This Agreement can be modified only in a writing signed by the Parties. This Agreement shall constitute the entire understanding between the Parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

5.      Successors.  This Agreement shall bind and benefit each of the Parties and their respective predecessors, successors, and assigns.

6.      Governing Law.  This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York.

7.      Execution in Counterparts.  Separate counterparts of this Agreement may be executed by the Parties with the same force and effect as if all such Parties had executed a single copy of this Agreement.  Electronic or PDF signatures, including signatures using a program such as DocuSign, are acceptable as physical signatures.

8.      Authority to Bind.  Each Counsel executing this Agreement represents and warrants that he or she has been authorized to enter into this Agreement on behalf of the party on whose behalf it is signed and that signatory has full and complete authority to do so.

9.      Notices.  Any notice, request, instructions or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally delivered or mailed notice to be effective on the date actually received) or by electronic means as follows:

If to Plaintiff, address to:
Galen Baynes
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
(212) 583-9500
baynes@pechmanlaw.com

If to Rocca, address to:
Danielle Mietus
Franklin, Gringer & Cohen, P.C.
660 Old Country Rouad, Suite 202
Garden City, New York 11530
(516) 228-3131
dmietus@franklinringer.com

Dated: 05/25/2022                              Plaintiff

                                          By: _____
                                               Galen Baynes, Esq.

Dated: 5/25/2022                               Rocca

                                          By: _____
                                               Danielle Mietus, Esq.